IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELLY ROYSTER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-1297 |
| | ) | |
| v. | ) | Chief Judge Ambrose |
| | ) | Magistrate Judge Bissoon |
| CO1 CUMMINGS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 20) be granted in part and denied in part.

### II. REPORT

Telly Royster is a state prisoner currently incarcerated in the State Correctional Institution at Huntingdon, Pennsylvania. Royster alleges in his Section 1983 prisoner civil rights Complaint that, while he was incarcerated at SCI-Fayette: (1) several of his books were destroyed or taken by Defendants Keller and Meeker in January, 2007, and this was done in retaliation for Royster's prior grievances; and (2) on May 25, 2007, without provocation, Defendant Cummings caught Royster's left hand and arm in the "pie slot" of the cell door and repeatedly kicked the slot while Defendants McGee and Medlick watched, and Defendant Meeker yelled encouragement to Cummings (Doc. 5, p. 4). This is alleged to have caused Plaintiff bruising and a "severe cut" on his thumb (Id.).

Defendants have filed a Motion to Dismiss (Doc. 20). Plaintiff's response was initially due on or before February 9, 2009 (Doc. 22), but he was granted an extension of time to until March 2, 2009. No response has been filed.

A. **Applicable Standard**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint" Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir.2008). A complaint must be dismissed even if the claim to relief is "conceivable," because a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, U.S. __, 129 S.Ct. 1937, 1949 (2009).

B. **Analysis.**

   1. **Retaliation.**

"Government actions, which standing alone, do not violate the Constitution, may nonetheless be constitutional torts if motivated in substantial part by a desire to punish an individual for exercise of a constitutional right." Allah v. Seiverling, 229 F.3d 220, 224-25 (3d Cir. 2000); Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). In order to state a *prima facie* case of retaliation, a prisoner must demonstrate:

     1) the conduct in which he was engaged was constitutionally protected;

     2) he suffered "adverse action" at the hands of prison officials; and

     3) his constitutionally protected conduct was a substantial or motivating factor in the decisions to discipline him.

Carter v. McGrady, 292 F.3d 152, 157-58 (3d Cir. 2002) quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). To show an "adverse action," Plaintiff must demonstrate that Defendants' actions were "sufficient to deter a person of ordinary firmness from exercising his

[constitutional] rights."  Allah v. Al-Hafeez, 208 F.Supp.2d 520,535 (E.D. Pa. June 24, 2002) quoting Allah v. Seiverling, 229 F.3d at 225.

Plaintiff alleges that some of his books were given to another inmate, and that other books were destroyed.  He does not indicate when those grievances were filed, nor their outcome.  Plaintiff does not give the Court sufficient factual detail to make an inference of retaliation.  Further, Plaintiff pleads no facts that would permit the Court to conclude that a person of reasonable firmness would be deterred from exercising a constitutional right by the loss of a few books.  Therefore, Plaintiff fails to state a claim for retaliation because he has not presented sufficient factual allegations to meet the "facial plausibility" standard of Twombly and Iqbal.

### 2. Excessive force.

The Eighth Amendment protects inmates against cruel and unusual punishment, but it does not protect an inmate against every minimal use of force.  Smith v. Mensinger, 293 F.3d 641, 648 (3d Cir.2002).  More specifically, an excessive force claim, requires factual allegations supporting "a reliable inference of wantonness in the infliction of pain."  Thomas v. Ferguson, 361 F.Supp.2d 43, 438 (N.J.2004) (quoting Whitley v. Albers, 475 U.S. 312, 322 (1986)).  The central inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Mensinger, 293 F.3d at 649.  "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident."  Brooks v. Kyler, 204 F.3d 102, 108-109 (3d Cir.2000).

Here, Plaintiff alleges that, without provocation, Defendant Cummings repeatedly slammed Plaintiff's arm and hand in the pie slot of his cell door.  Indeed, it is alleged that

Cummings kicked the pie slot 18 times during this incident, and the Plaintiff suffered bruising and severe cut as a result. The allegations in the Complaint are sufficient to make Plaintiff's claim of excessive force plausible, and the motion to dismiss should be denied in this respect.

Plaintiff's claims against Defendants McGee, Medlick and Meeker are that they failed to intervene to protect him from the assault. These Defendants are alleged to have stood by and watched while Cummings repeatedly slammed Plaintiff's hand and arm in the door. "[A] corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so." Mensinger, 293 F.3d at 650. The allegations in the Complaint are sufficient to make a claim of a failure to intervene plausible.

## II. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendants' Motion to Dismiss (Doc. 20) be denied with respect to Plaintiff's claim of excessive force against Defendant Cummings, and failure to intervene claim against Defendants McGee, Medlick and Meeker. It is further recommended that Defendants' Motion to Dismiss (Doc. 20) be granted with respect to Plaintiff's retaliation claim without prejudice to Plaintiff's right to amend his Complaint to plead additional factual allegations.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this report and recommendation shall be filed on or before August 17, 2009. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES MAGISTRATE JUDGE

Date:   July 31, 2009

cc:
**TELLY ROYSTER**
EL2245
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654