# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TELLY ROYSTER, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 08-1297 |
| C.O. CUMMINGS, *et al.*, | ) ) | Magistrate Judge Bissoon |
| Defendants. | ) ) | |

## ORDER

This is a prisoner civil rights action filed by Telly Royster, a state prisoner. Another prisoner, Anthony Allen, has filed a motion (Doc. 39) seeking to be appointed as Royster's counsel pursuant to 28 U.S.C § 1915(e)(1). The motion will be denied for both procedural and substantive reasons.

Procedurally, the motion has not been properly filed in accordance with Fed. R. Civ. P. 11(a), which requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Telly Royster is the party on whose behalf the motion was filed, but he did not sign the motion, and Mr. Allen is not an attorney of record.

Substantively, the law cited in Allen's motion, 28 U.S.C. § 1915(e)(1), does not apply for at least two reasons. Section 1915(e)(1) provides that a court "may request an *attorney* to represent any person unable to afford counsel." (emphasis added) First, Allen is not an attorney. Second, the motion, in substance, does not ask the Court to request an attorney to represent Royster, but rather asks that Allen in particular be appointed Royster's counsel. Section 1915(e)(1) provides no mechanism for appointing any particular attorney to represent a party.

Were Allen an attorney, the Court would not need to rule on this motion; Allen would simply need to enter his appearance.

What the instant motion seeks is an exception to the rule that only lawyers admitted to the bar may represent others as attorneys. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.") With the exception of law students under specified circumstances, the local rules make no provision for non-lawyers to be admitted to practice before this Court. See LCvR 83.2.

The United States Court of Appeals for the First Circuit, in a virtually identical situation, ruled that a non-lawyer prisoner could not represent two fellow prisoners in their civil rights suit. Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982). While the Supreme Court has acknowledged "the right to seek assistance and advice on legal matters from other inmates in certain matters," there is no corresponding right to "representation during litigation by non-party laypersons." Id.; See also United States v. Taylor, 569 F.2d 448, 451 (7th Cir. 1978) ("We cannot agree that, in guaranteeing criminal defendants the right to the assistance of 'counsel' for their defense, the Sixth Amendment creates a constitutional right to representation by persons unlicensed to practice law.")

The motion seeking to have Anthony Allen appointed to represent Plaintiff Royster (Doc. 39) is, therefore, DENIED.

IT IS FURTHER ORDERED that the parties are allowed until June 24, 2010 to appeal this order to a district judge pursuant to Rule 72.C.2 of the Local Rules for Magistrates. Failure to timely appeal may constitute waiver of the right to appeal.

June 10, 2010                                              s/Cathy Bissoon
                                                           CATHY BISSOON
                                                           UNITED STATES MAGISTRATE JUDGE

**Cc:**

**TELLY ROYSTER**
EL2245
SCI Huntingdon
1100 Pike Street
Huntingdon, PA 16654